

# THE ATTORNEY GENERAL
## OF TEXAS

**JOHN BEN SHEPPERD**
ATTORNEY GENERAL

AUSTIN 11, TEXAS

March 6, 1947

Honorable David J. Morris
County Attorney
Brown County
Brownwood, Texas

Opinion No. V-71

Re: Authority of the
Commissioners' Court
to pay a constable
(on a salary basis)
mileage expense for
the use of his auto-
mobile.

Dear Sir:

Your letter requesting an opinion from this
Department is in part as follows:

"I have this question at present asked
me by the Commissioners' Court: Where a
constable has been put on a salary basis,
has the Commissioners' Court authority to
pay such constable mileage for the use of
his automobile?

"Apparently there is nothing directly
on this in the statutes. Prior to being
placed on a salary, the constable could col-
lect fees for mileage in serving papers, but
after being put on salary he must turn such
fees of service over to the salary fund.
Art. 3912e, Sec. 2, provides for paying
salary to precinct officers; Sec. 17 pro-
vides for the fixing of their salary; and
Art. 3899, Sec. B, provides for the payment
to the Sheriff of 4¢ per mile for the use
of his automobile when he owns the automo-
bile. Can we infer from this that the Com-
missioners' Court would have authority to
make the same payment to the constable when
he uses his car?

"You will readily understand that a
constable on a salary basis would have much
more incentive to be active in the service
of papers and serving warrants if he could
be reimbursed for his expenses."

Subdivision (b), Article 3899, V.A.C.S., provides in part the following:

"The Commissioners Court of the county of the sheriff's residence may, upon the written and sworn application of such officer, stating the necessity therefor, allow one or more automobiles to be used by the sheriff in the discharge of official business, which, if purchased by the county shall be bought in the manner prescribed by law for the purchase of supplies and paid for out of the General Fund of the county and they shall be reported and paid in the same manner as herein provided for other expenses.

"Where the automobile or automobiles are owned by the Sheriff or his deputies, they shall be allowed four (4¢) cents for each mile traveled in the discharge of official business, which sum shall cover all expenses of the maintenance, depreciation, and operation of such automobile. Such mileage shall be reported and paid in the same manner prescribed for other allowable expenses under the provisions of this section. No automobile shall be allowed for any Deputy Sheriff except those regularly employed in outside work. It shall be the duty of the County Auditor, if any, otherwise the Commissioners Court, to check the speedometer reading of each of said automobiles, owned by the county once each month and to keep a public record thereof; no automobile owned by the county shall be used for any private purpose."

In construing the above quoted provision, this Department held the following in our Opinion No. 0-4399:

"By virtue of Section B, Article 3899, Vernon's Annotated Civil Statutes, the sheriff or his deputies who are compensated on a salary basis who own and use their automobile or automobiles in the discharge of official business are allowed four cents for each mile traveled in the discharge of

official business.  Such sum shall cover
all expenses of the maintenance, depreci-
ation, and operation of such automobile or
automobiles.  Such mileage shall be reported
and paid in the same manner prescribed for
other allowable expenses under the provisions
of the act.  This act does not provide four
cents for each mile traveled by a constable
in the discharge of his official business.
We fail to find any statute authorizing a
constable on a salary basis to receive any
specified amount for each mile traveled in
the discharge of official business. . ."
(Emphasis ours)

We quote the following from Hammond vs. Harris
County (Civ. App.) 243 S.W. 1002, error refused:

"It was also shown by the undisputed
evidence that the expenses so incurred by
appellant in the hire of automobiles were
reasonable and necessary. . .

"We think that appellant was not entitled,
under article 3897 above mentioned, to deduct
from the excess fees of his office due to the
county expenses incurred by him in the pur-
chase of gasoline and lubricating oils, and
in making repairs upon his automobiles, though
used by him exclusively in the discharge of
his duties as sheriff of Harris county.  The
point was expressly so ruled by the Galveston
Court of Civil Appeals in Harris County v.
Hammond et al., 203 S.W. 445, in a very clear
and full opinion by Chief Justice Pleasants.

". . .

"Nor do we think that article 3897 author-
izes a sheriff to hire automobiles owned by
other persons for the use of the sheriff in
the conveyance of prisoners, etc., and to charge
the county with such expense.  For, if the coun-
ty is not chargeable with the price of gasoline,
upkeep, etc., of the sheriff's own automobile
used in the discharge of his official duties, we
cannot see any reason for holding that the sheriff
might hire an automobile belonging to another and
charge the county with the cost of such hire. If

a proper construction of article 3897
requires a holding that a sheriff may
hire automobiles belonging to other per-
sons for the purpose of discharging his
official duties in conveying prisoners
and election supplies, etc., to and from
different parts of his county, and make
the cost of such hire chargeable against
the county, then, of course, no sheriff
would be so foolish as to use his own
automobile in the discharge of such offi-
cial duties, and keep the same up, etc.,
at his own expense. It seems to us that
it would be nonsensical to say that a
sheriff is not authorized by article 3897
to charge the county with oil and gasoline
used in his own automobile, or the upkeep
thereof, when used in the discharge of his
official duties in his county, and at the
same time so construe the article as to
permit a sheriff to hire another's auto-
mobile in the discharge of such duties and
charge the county therewith."

We quote the following from Harris County vs. Hammond, et al, (Civ. App.) 203 S. W. 445:

"It goes without saying that defendant
was not entitled to credit for the expense
of operating the automobiles for his private
benefit or pleasure. We are further of opin-
ion that, <u>even when he used the automobiles
in performing the duties of his office, the
expense of their operation should not be re-
garded as expense necessarily incurred in the
conduct of the office.</u>"

It will be noted from the foregoing cases that under the statute as it then existed, the sheriff was not entitled to expenses for the operation of an automobile nor for the hire of an automobile. Although Subdivision (b) of Article 3899, V.A.C.S., now authorizes the payment to the sheriff of four (4¢) cents per mile for each mile traveled in the discharge of official business, we are of the opinion that the principle of statutory construction set out in the above mentioned cases is applicable to the instant case, and a constable is not entitled to expenses for the operation of an automobile unless there is some provision in the statutes so providing.

We fail to find any statute authorizing a constable compensated on a salary basis to receive mileage for the use of his automobile. In the absence of such authority, he cannot collect such mileage from the county. Therefore, it is our opinion that the Commissioners' Court of Brown County does not have authority to allow a constable who is compensated on a salary basis mileage for the use of his automobile in the discharge of official duties.

### SUMMARY

The Commissioners' Court of a county, the constables of which are compensated on a salary basis, has no authority to pay such constables mileage for the use of their automobiles in the discharge of their official duties.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By John Reeves
Assistant

JR:djm*

Approved: Opinion Committee
By:　　BWB
　　Chairman

APPROVED MARCH 6, 1947

Price Daniel
ATTORNEY GENERAL